T.C. Summary Opinion 2017-48

UNITED STATES TAX COURT

GARY LEE MCINTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30701-15S.                    Filed July 11, 2017.

Gary Lee McIntee, pro se.

<u>Jerry M. Innocent</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,588 deficiency in petitioner's Federal income tax for the taxable year 2012. At the time the petition was filed, petitioner resided in New York.

After a concession, the only issue before the Court is whether petitioner is entitled to deduct a $10,000 payment to his ex-wife as alimony.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

On November 15, 2010, petitioner's ex-wife filed an action for divorce against petitioner in the Supreme Court of the State of New York.

On May 19, 2011, that court issued a temporary order noting that petitioner and his ex-wife had stipulated regarding temporary support and, pursuant to that agreement, ordered petitioner to pay his ex-wife $750 per month as and for temporary spousal maintenance, the first payment to be made on May 1, 2011, and to continue each month until further order of the court.

On January 17, 2012, a hearing was held in the Supreme Court of the State of New York. In the transcript of that hearing, petitioner and his ex-wife stated to the court that they had resolved all issues as follows:

> The parties have agreed that the wife will take the judgment of divorce as if by default and the husband will withdraw his answer and/or counterclaims on the condition that no allegation of the complaint is used for any purpose other than the establishment of grounds.
>
> We're here today, as you have indicated, to try this case with the issues before the Court being spousal maintenance, equitable distribution of assets and liabilities, spousal maintenance and counsel fees.
>
> As a resolution of all of those issues, the parties have agreed that within 30 days of today's date the husband will pay to the wife the sum of $10,000. Effective February 1st, 2012, the husband will pay to the wife as and for spousal maintenance the sum of $500 a month. That sum of money will be paid to the wife each and every month by either wage deduction order against the husband's earnings or against his retirement.
>
> The term of spousal maintenance shall be lifetime with the only terminating event being the death of the wife. In the event the wife remarries, from the date of her remarriage spousal maintenance will continue for a period of ten years and will then terminate. And but for the wife's remarriage or her death, the spousal maintenance would otherwise continue for her life.
>
> In exchange for that lifetime payment, and upon the parameters that have been placed upon the record, the wife would waive any right, title or interest, legal or equitable, in any real property in the name of the husband, in his pension or other retirement asset and in any personal property that he now possesses.

In exchange for the wife's acceptance of the terms of this offer, the husband is waiving any equitable right, title or interest, legal or otherwise, in any other asset in the name of the wife in any personal property she now possesses or in any retirement asset that she may have.

On February 15, 2012, petitioner wrote a check payable to his ex-wife for $10,000. The check contained the notation "Lump Sum as per divorce agreement".

On April 4, 2012, the New York supreme court judge signed a judgment of absolute divorce (divorce decree) regarding petitioner and his ex-wife that references the January 17, 2012, stipulation, and

> Ordered, plaintiff [petitioner's ex-wife] is granted a Judgment of Absolute Divorce pursuant to DRL §170(7); and it is further

> Ordered, defendant [petitioner] shall pay to plaintiff the sum of five hundred ($500.00) dollars per month as and for spousal maintenance and said sum shall be paid by wage deduction order against defendant's wages, or, retirement payments as the case may be; and it is further

> Ordered, defendant shall pay the aforesaid spousal maintenance to plaintiff for plaintiff's lifetime with the only terminating events being the death of plaintiff, or, if the plaintiff remarries for a period of ten (10) years after plaintiff's remarriage. But for plaintiff's death or plaintiff's remarriage, the spousal maintenance shall continue for the life of plaintiff; and it is further

> Ordered, defendant must maintain a policy of life insurance sufficient to cover the cost of spousal maintenance through the actuarial life expectancy of plaintiff, and, defendant must provide

proof to plaintiff of the existence of said policy or policies of life insurance naming plaintiff beneficiary for said amount; and it is further

Ordered, in exchange for the payment of spousal maintenance as hereinbefore set forth, plaintiff waives all her right, title and interest, both legal and equitable, in any real property in the name of defendant, in defendant's pension, and in any personal property defendant possesses; and it is further

Ordered, in exchange for plaintiff's acceptance of spousal maintenance, defendant waives all his right, title and interest, both legal and equitable, in any asset including retirement assets in the name of plaintiff and in any personal property plaintiff possesses; and it is further

Ordered, that the Oral Stipulation entered into by the parties in Open Court on January 17th, 2012 as evidenced by the Adoption of Oral Stipulation executed and acknowledged by the parties on the 17th day of January 2012, shall be incorporated but not merged in the Judgment of Divorce and shall survive the same and be as if each and every term, covenant and condition were set out in full and separate decretal paragraphs, and the parties be and hereby are ordered to obey each and every term, covenant and condition of said oral stipulation as are lawful and capable of specific performance at all times and places; and the Court retains jurisdiction of the matter concurrently with Family Court for the purpose of specifically enforcing such of the provisions as are capable of specific performance to the extent permitted by law; * * *

## Discussion

In the notice of deficiency respondent allowed a deduction of $6,500 in monthly payments petitioner paid to his ex-wife during 2012 as alimony. The only

issue is whether the $10,000 payment that petitioner made on February 15, 2012, also qualifies as an alimony deduction.

Payments incident to divorce generally fall into one of two categories: alimony or property settlements. In general, alimony is a division of income, and property settlements are a division of marital property. A property settlement is not a taxable event and does not give rise to any gain or loss. In contrast, alimony payments give rise to a deduction for the payor and to income for the payee. Secs. 71(a), 215(a).

An alimony payment is a cash payment that satisfies the four requirements of section 71(b)(1): (A) the payment is received by (or on behalf of) a spouse under a divorce or separation instrument; (B) the divorce or separation instrument does not designate the payment as one that is not includible in gross income of the payee and not allowable as a deduction to the payor; (C) the payor and payee spouses are not members of the same household at the time the payments are made if they are legally separated; and (D) the payments or substitutes end after the payee spouse's death. See Mudrich v. Commissioner, T.C. Memo. 2017-101, at *8.

Respondent agrees that petitioner's $10,000 payment satisfies the first three subparagraphs of section 71(b)(1). The only issue according to respondent is

whether the $10,000 payment obligation would survive the death of petitioner's ex-wife. The divorce decree and stipulation are silent as to whether the $10,000 payment obligation would survive death of petitioner's ex-wife.

Respondent seems to argue that the $10,000 payment was in the nature of a property settlement. But the aforementioned divorce documents do not say that. It is true that the divorce documents provide that each party waives any property rights of the other party. In the divorce decree, the New York supreme court judge stated as follows:

> Ordered, in exchange for the payment of spousal maintenance as hereinbefore set forth, plaintiff waives all her right, title and interest, both legal and equitable, in any real property in the name of defendant, in defendant's pension, and in any personal property defendant possesses; and it is further
>
> Ordered, in exchange for plaintiff's acceptance of spousal maintenance, defendant waives all his right, title and interest, both legal and equitable, in any asset including retirement assets in the name of plaintiff and in any personal property plaintiff possesses; and it is further

The waiver in the first quoted paragraph is in exchange for the monthly maintenance payments. There is no specific mention of the $10,000 payment in the divorce decree. That payment had already been made when the divorce decree was entered. However, the January 17, 2012, stipulation stated petitioner's and his ex-wife's intentions to finalize any disputes between them by providing:

As a resolution to all of those issues, the parties have agreed that within 30 days of today's date the husband will pay to the wife the sum of $10,000. Effective February 1st, 2012, the husband will pay to the wife as and for spousal maintenance the sum of $500 a month. That sum of money will be paid to the wife each and every month by either wage deduction order against the husband's earnings or against his retirement.

The term of spousal maintenance shall be lifetime with the only terminating event being the death of the wife. In the event the wife remarries, from the date of her remarriage spousal maintenance will continue for a period of ten years and will then terminate. And but for the wife's remarriage or her death, the spousal maintenance would otherwise continue for her life.

In exchange for that lifetime payment, and upon the parameters that have been placed upon the record, the wife would waive any right, title or interest, legal or equitable, in any real property in the name of the husband, in his pension or other retirement asset and in any personal property that he now possesses.

The ex-wife's waiver in the last paragraph appears to be in return for the $500 monthly maintenance payments, which is not in issue. There is nothing in the written record designating the $10,000 payment as part of a property settlement as opposed to spousal maintenance. We find these documents to be ambiguous as to the nature of the $10,000 payment and whether it was part of the spousal maintenance or whether the obligation to pay it would have terminated if the ex-wife were to pass away during the very short interval between the January 17, 2012, stipulation and the February 15, 2012, payment.

The documentary record was supplemented by petitioner's testimony. Petitioner explained that, pursuant to the temporary order of May 19, 2011, he was required to pay $750 per month as temporary spousal maintenance. Petitioner testified that after negotiations to reduce the spousal maintenance, he and his ex-wife stipulated on January 17, 2012, that the $750 monthly maintenance would be reduced to $500 in return for a $10,000 upfront payment that was intended to supplement the maintenance obligation. Petitioner testified that neither the January 17, 2012, stipulation nor the divorce decree was intended to assign that $10,000 payment to a property settlement. He further testified that he believed and intended that he had no obligation to make any payments due after the death of his ex-wife. While the January 17, 2012, stipulation is not clear on this point, this may be due to the fact that the $10,000 was due and actually paid within weeks of the January 17, 2012, stipulation and before the divorce decree was entered.

We find petitioner's testimony to be a plausible explanation of what was intended in the January 17, 2012, stipulation and the final divorce decree. We also find that petitioner was a credible witness and that no witnesses were produced to contradict his testimony. After due consideration, we hold that the $10,000

payment qualifies as alimony and that petitioner is entitled to the alimony deduction.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.